IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN J. LISNER, DAVID M. SNELTEN, WILLIAM H. COLLINS, DALE A. BOLT, JONATHAN GALLAGHER, and JEFFREY LONKAR, as Trustees of the HEALTH AND WELFARE FUND OF THE EXCAVATING, GRADING AND ASPHALT CRAFT LOCAL NO. 731, | |
| JOHN J. LISNER, DAVID M. SNELTEN, DALE A. BOLT, JONATHAN GALLAGHER, WILLIAM H. COLLINS, and ANUEL (AL) ADAMS, as Trustees of the LOCAL 731, I.B. OF T., EXCAVATORS AND PAVERS PENSION TRUST FUND, | CIVIL ACTION<br><br>NO. 25 C 2679<br><br>JUDGE |
| TEAMSTERS LOCAL UNION NO. 731 EDUCATIONAL/SCHOLARSHIP FUND, | |
| LABOR/MANAGEMENT COOPERATION COMMITTEE TASK FORCE FUND, | |
| Plaintiffs, | |
| vs. | |
| LEEWAY WRECKING, INC., an Illinois corporation, | |
| Defendant. | |

### **C O M P L A I N T**

The Plaintiffs, JOHN J. LISNER, DAVID M. SNELTEN, WILLIAM H. COLLINS, DALE A. BOLT, JONATHAN GALLAGHER, and JEFFREY LONKAR, as trustees of the HEALTH AND WELFARE FUND OF THE EXCAVATING, GRADING AND ASPHALT CRAFT LOCAL NO. 731 and JOHN J. LISNER, DAVID M. SNELTEN, DALE A. BOLT, JONATHAN GALLAGHER, WILLIAM H. COLLINS, and ANUEL (AL) ADAMS, as Trustees of the LOCAL 731, I.B. OF T., EXCAVATORS AND PAVERS PENSION TRUST FUND,

TEAMSTERS LOCAL UNION NO. 731 EDUCATIONAL/SCHOLARSHIP FUND, and LABOR/MANAGEMENT COOPERATION COMMITTEE TASK FORCE FUND, by their attorneys, complaining of the Defendant, LEEWAY WRECKING, INC., an Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs bring this action in their capacity as Trustees of the HEALTH AND WELFARE FUND OF THE EXCAVATING, GRADING AND ASPHALT CRAFT LOCAL NO. 731, LOCAL 731, I.B. OF T., EXCAVATORS AND PAVERS PENSION TRUST FUND, TEAMSTERS LOCAL UNION NO. 731 EDUCATIONAL/SCHOLARSHIP FUND, and LABOR/MANAGEMENT COOPERATION COMMITTEE TASK FORCE FUND, which are "employee welfare benefit funds," and "plans," within the meaning of ERISA, Plaintiffs being the now-acting fiduciaries thereof administering said Plans within this District.

3. Defendant is an "Employer" within the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiffs under the terms of the certain "Agreements and Declarations of Trust," pursuant to which Plaintiff Funds are maintained and/or pursuant to the terms of a collective bargaining agreement to which Defendant is obligated and to which the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, affiliated with the International Brotherhood of Teamsters, is also obligated.

4. As an Employer obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declarations of Trust, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month a report stating the names, social security numbers, and total number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 20th day of the succeeding month; effective May 9, 1991, the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 20th day of the succeeding month;

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

      Defendant has failed and refused to submit all of its contribution reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages and interest, as authorized by the Trust Agreements. Plaintiffs have assessed liquidated damages and interest against the Defendant, as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages and interest.

6.     That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of at least $5,407.50, known to be due Plaintiffs from Defendant, based upon Defendant's failure to submit all required reports, and subject further to the possibility that additional contributions, liquidated damages and interest will come due during the pendency of this lawsuit.

7.     Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8.     Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)     That an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)     That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

(C)     That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions for the period July 2024 to date, liquidated damages, the costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plans and in ERISA;

(D) That Defendant be permanently enjoined and ordered to perform specifically its obligations to Plaintiffs, and in particular, to continue to submit the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the Plans and by ERISA;

(E) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Destiny A. Collins

Laura M. Finnegan
Destiny A. Collins
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6343296
Telephone: (312) 216-2562
Facsimile: (312) 236-0241
E-Mail: dcollins@baumsigman.com

i:\731exc\leeway wrecking\#31012\complaint.dac.df.docx